Jamie Y. Lee, Bar No. 228389
jylee@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Fax No.:     949.724.1201

Attorneys for Defendant
INTERSTATE HOTELS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEED RICHARDSON, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>INTERSTATE HOTELS, LLC, a Delaware Limited Liability Company dba The Westin Bonaventure Hotel and Suites; and DOES 1-50 inclusive,<br><br>            Defendant. | Case No.  2:21-CV-9315<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**<br><br><br><br>Trial Date:N/A<br>Complaint Filed: November 2, 2021 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF SHAHEED RICHARDSON AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Interstate Hotels, LLC ("Defendant"), hereby removes the above-captioned action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PLEADINGS, PROCESS, AND ORDERS

2.    On November 2, 2021, Plaintiff Shaheed Richardson ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") in Los Angeles Superior Court, entitled Shaheed Richardson, an individual, versus Interstate Hotels, LLC, a Delaware corporation dba The Westin Bonaventure Hotel and Suites; and Does 1 through 50, inclusive, Case No. 21STCV40206 (the "State Court Action"). The Complaint asserts the following causes of action: (1) discrimination in violation of the FEHA; (2) retaliation in violation of the FEHA.

3.    On November 3, 2021, Plaintiff served Defendant with the Summons and Complaint. (Declaration of Jamie Y. Lee ("Lee Decl.") ¶ 2 & Exh. A).

4.    On November 30, 2021, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. (Lee Decl. ¶ 3 & Exh. B).

5.    Pursuant to 28 U.S.C. § 1446(d), A & B constitute all process, pleadings,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

and orders filed in the State Court Action. (Lee Decl. ¶ 4). To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*).

6.     To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6).

## III.    TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed as it is filed within thirty (30) days of November 3, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV.    DIVERSITY JURISDICTION

8.     This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

## V.    DIVERSITY OF CITIZENSHIP

9.     <u>Plaintiff is a Citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.     At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that he is "a resident of the State of California." (Compl. ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

3

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

11.     <u>Defendant is not a Citizen of California</u>. Defendant Interstate Hotels, LLC is a Delaware limited liability company. (Declaration of Christine Nilluka ("Nilluka Decl.") ¶ 2.)  However, for diversity purposes, a limited liability company's citizenship "is determined by examining the citizenship of each of its members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

12.     Interstate Hotels, LLC is comprised of only one member: Northridge Holdings, Inc. (Nilluka Decl. ¶ 2.)  Accordingly, Interstate Hotels, LLC's citizenship is determined based upon the citizenship of Northridge Holdings, Inc. Northridge Holdings, Inc. is a corporation, incorporated in Delaware. (*Id.*)  It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.     For purposes of diversity jurisdiction, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. Section 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

and administrative functions are performed). Furthermore, for purposes of diversity jurisdiction, a holding company's principal place of business is the place where it holds its board meetings. *3123 SMB LLC v. Horn*, 880 F.3d 461 (9th Cir. 2018).

14.     Applying the above analysis, the principal place of business, or "nerve center" of Northridge Holdings, Inc. (Defendant Interstate Hotels, LLC's sole member) is located in Plano, Texas, Virginia. Specifically, Northridge Holdings, Inc. has at all times had its principal places of business and headquarters in Plano, Texas. (Nilluka Decl. ¶ 3.)  Northridge Holdings, Inc. is a holding company that conducts any and all business, including its executive and administrative functions as well as its board meetings at its Plano, Texas headquarters. (*Id.*) Accordingly, Northridge Holdings, Inc. is not a citizen of California, but rather it is a citizen of the States of Delaware and Texas for purposes of determining diversity of citizenship.

15.     Thus, Defendant Interstate Hotels, LLC is a citizen of the State of Delaware and a citizen of Texas based on the citizenship of its sole member, Northridge Holdings, Inc.

16.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

17.     Therefore, since the Defendant is not a citizen of the forum State, i.e., California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## VI.    AMOUNT IN CONTROVERSY

18.     Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

19.     Here, the Court can reasonably ascertain from the Complaint and its Prayer for Damages that the amount in controversy exceeds $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

20.     Specifically, in his Complaint, Plaintiff seeks various forms of damages, including compensatory, general and special, and punitive damages, as well as attorneys' fees. (Compl. ¶¶ 24-27, 31-34, Prayer for Relief.)

21.     At the time of Plaintiff's separation from employment on August 20, 2019, Plaintiff earned $21.40 an hour and worked 40 hours per week in his position as a security guard. (Declaration of Laurent Anthony ("Anthony Decl.") ¶ 4.)  Assuming that Plaintiff would have continued to work on a full-time basis and conservatively estimating that this case will go to trial in November 2022, or one year from the date Plaintiff filed his Complaint, back pay would be calculated at $97,584 ($21.40 x 40 hrs x 114 weeks).

22.     As set forth above, Plaintiff is also seeking recovery of general and special damages for "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms." (Compl. ¶¶ 25, 32, Prayer for Relief at ¶¶ 1-2.)  These claims further augment her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.

23.     The additional damages sought in Plaintiff's Complaint further exceed the requisite amount in controversy. Plaintiff also seeks punitive damages. (Compl. ¶¶ 26, 33, Prayer for Relief at ¶ 4.)  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. Simmons, 209 F. Supp. 2d at 1033.  A punitive damages award may equal as much as four times the amount of the actual damages award. *State*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, such claim alone could exceed the jurisdictional minimum.

24.     Plaintiff also seeks recovery for attorneys' fees and costs. (Compl., ¶¶ 27, 34, Prayer for Relief at ¶ 3.)  It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady*, 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1034.

25.     Moreover, a defendant may use damage awards in other cases to establish the amount in controversy.  *Id.* at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See*, e.g., *Beaty v. BET Holdings, Inc*., 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

26. Finally, Plaintiff seeks such open-ended relief "[f]or such other and further relief as the court may deem just and proper." (Compl, Prayer for Relief at ¶ 7.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

27. In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VII. VENUE

28. Venue lies in the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(2), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Los Angeles. Pursuant to 28 U.S.C. § 84(c)(2), the appropriate assignment of the State Court Action is to the Western Division of this Court, located in Los Angeles.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1

**VIII.  NOTICE OF REMOVAL**

2         29.     Contemporaneously with the filing of this Notice of Removal in the United

3  States District Court for the Central District of California, the undersigned is providing

4  written notice of such filing to Plaintiff's counsel of record: Joseph M. Lovretovich and

5  Stephen J. Wiard, JML Law, P.C., 5855 Topanga Canyon Blvd., Suite 300, Woodland

6  Hills, California 91367. (Lee Decl. ¶ 7). In addition, a copy of this Notice of Removal

7  will be filed with the Clerk of the Superior Court of the State of California, County of

8  Los Angeles. (*Id.*)

9         WHEREFORE, Defendant Interstate Hotels, LLC prays that the Court remove

10 this civil action from the Superior Court of the State of California, County of Los

11 Angeles, to the United States District Court for the Central District of California.

12 Dated:         December 1, 2021

13                                          LITTLER MENDELSON, P.C.

14

15                                          */s/ Jamie Y. Lee*
                                            Jamie Y. Lee
16
17                                          Attorneys for Defendant
                                            INTERSTATE HOTELS, LLC

18 4865-5270-1445.1 / 079499-1092

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT